UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOODLORE CONDOMINIUM ASSOCIATION.,

    Plaintiff,

vs.

Case No. 11-CV-14579
HON. GEORGE CARAM STEEH

CHARLES W. COSSIN, JR., et al.,

    Defendants.

_____/

ORDER GRANTING IN PART DEFENDANTS CHARLES W. COSSIN'S AND LUZ ZINCHUCKS'S MOTION TO DISMISS (#2) AND REMANDING ACTION TO THE WAYNE COUNTY CIRCUIT COURT

    I.    Introduction

On October 18, 2011, defendants removed the instant matter from the Wayne County Circuit Court, Detroit, Michigan. Plaintiff, Woodlore Condominium Association (Woodlore), filed this action alleging that defendants, Charles W. Cossin, Jr., Luz T. Zinchuck, and Larry Cossin conspired to defraud Woodlore in violation of the Racketeer Influenced Corrupt Organizations Act. Woodlore also brings claims of breach of fiduciary duty, fraud, conversion and unjust enrichment. Presently before the court is defendants Charles W. Cossin's and Luz Zinchuck's motion to dismiss and defendant Larry Cossin's, proceeding pro se, motion for summary disposition. Oral argument was held on February 7, 2012. Upon consideration of the parties' submissions and argument at the February 7, 2012 hearing, the court finds that plaintiff has failed to state a claim under RICO. The court

-1-

declines to address the defendants' arguments in support of dismissal of plaintiff's state law claims, and remands this matter to the Wayne County Circuit Court.

## II. Factual Background

Woodlore is a non-profit corporation that represents co-owners of units comprising Woodlore Condominiums. Defendant Charles Cossin owns two condominiums and is a former director of Woodlore. Defendant Luz Zinchuck owns one condominium and is a former director of Woodlore. Defendant Larry Cossin was employed as a maintenance supervisor at Woodlore. Woodlore's claims are premised on four separate schemes.

Woodlore alleges that defendant Larry Cossin "interfered with [Woodlore's] insurance claim" arising out of damage to a carport by a U-Haul truck driven by an incoming renter. Specifically, Woodlore asserts that defendant Larry Cossin "[i]nveigled the insurer to direct the settlement proceeds ($2,871.89) to himself instead of [Woodlore]." Defendant Larry Cossin also "signed a property damage release without authority to do so and committed mail and wire fraud by transmitting it." Woodlore contends that defendant Larry Cossin "failed and/or refused to return funds" despite Woodlore's demand. On May 27, 2008, Woodlore voted unanimously to terminate defendant Larry Cossin from his position as onsite maintenance supervisor.

As to defendant Zinchuck, Woodlore argues that she, as the board's Treasurer, "deviated from generally accepted accounting principles and fraudulently, using the U.S. Mail and facsimile wire transmittals, provided [Woodlore] with financial information she knew or should have known was incorrect or misleading." Woodlore further argues that throughout the Autumn of 2007, Zinchuck failed and refused to prepare reports required of her and refused to sign off on Woodlore account balances, which prevented Woodlore

from knowing the true status of its financial condition and was unable to collect funds due to it from its members. Woodlore asserts that Zinchuck improperly reimbursed herself for services as Treasurer with the knowledge and complicity of defendant Charles Cossin, Jr. She also refused to turn over financial records after receiving a demand from Woodlore's attorney. Zinchuck was removed from her position as Treasurer by a quorum of Woodlore's Board of Directors at its May 27, 2008 meeting.

Woodlore also alleges a scheme by defendants Charles Cossin, Jr. and Zinchuck concerning a lawsuit brought by Bill Haddad, a contractor who did work at the condominiums. Defendants maintain that Haddad had a guaranteed contract to perform lawn-care services. When Woodlore refused to pay Haddad for his services denying that he had been awarded a contract, he brought suit. Woodlore claims that defendants Charles Cossin and Zinchuck held on to copies of a purported, but false contract with Haddad and testified falsely at the parties' arbitration hearing. Eventually Haddad was awarded $19,272.00.

Finally, Woodlore contends that defendants Charles Cossin and Zinchuck continue to attempt to control the business and administration of Woodlore through a scheme of artifice and fraud. Woodlore maintains that defendants have engaged in a campaign of misrepresentations to defeat the proposed amendment to Woodlore's master deed and bylaws. This has damaged Woodlore due to expenditures lost to its failed amendment initiatives.

  III. Law & Analysis

  A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as

to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Id. at

-4-

1950.

    B.    RICO

Section 1962(c) of Title 18 of the United States Code provides that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). To state a viable claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Moon v. Harrison Piping Supply, 465 F. 3d 719, 723 (6th Cir. 2006) (quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)). "Racketeering activity" is any act that is indictable under certain enumerated federal criminal statutes. 18 U.S.C. § 1961(1)(B); Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F. 3d 322 (6th Cir. 1999). RICO requires at least two acts of racketeering activity within a period of ten years. See 18 U.S.C. § 1961(5). Defendants Charles Cossin and Zinchuck[1] argue that Woodlore fails to allege (1) their predicate acts with particularity (2) the existence of an enterprise, and (3) that defendants or the enterprise's activities affect interstate commerce.[2]

Defendants maintain that plaintiff fails to plead that Charles Cossin and Zinchuck participated in an enterprise "through the commission of two or more acts." Specifically,

---

[1] Defendant Larry Cossin's motion for summary disposition mirrors the arguments raised by defendants Charles Cossin and Luz Zinchuck in their Rule 12(b)(6) motion.

[2] Because plaintiff has not alleged two predicate acts, the court declines to address defendants alternate arguments that plaintiff has not alleged the existence of an enterprise or that defendants' acts affect interstate commerce.

Woodlore alleges that the predicate acts include federal mail fraud and wire fraud. "To allege a violation of the mail fraud statute, 18 U.S.C. § 1341, plaintiff must allege that the (1) defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with specific intent to deceive or defraud. See Jackson v. Sedgwick Claims Management, 2010 WL 931864, *27 (E.D. Mich. March 11, 2010) (quoting Central Distributors of Beer, Inc. v. Conn., 5 F. 3d 181, 183-84 (6th Cir. 1993)). "A scheme to defraud includes any plan or course of action by which someone uses false, deceptive, or fraudulent pretenses, representations, or promises to deprive someone else of money." Heinrich v. Waiting Angels Adoption Servs., Inc., No. 09-2470, 2012 U.S. App. LEXIS 2390, *15 (6th Cir. Feb. 7, 2012) (citing United States v. Jamieson, 427 F. 3d 394, 402 (6th Cir. 2005)).

The elements of wire fraud are very similar, but require that the defendant use interstate wire, radio or television communications in furtherance of the scheme to defraud." Hall v. Witteman, 569 F. Supp. 2d 1208 (D. Kan. 2008). Specifically, 18 U.S.C. § 1343 provides that "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1343. "When pleading predicate acts of mail or wire fraud, in order to satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must '(1) specify the statements that the

plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Heinrich, 2012 U.S. App. LEXIS 2390, at *15 (citing Frank v. Dana Corp., 547 F. 3d 564, 570 (6th Cir. 2008)).

Plaintiff has failed to demonstrate that defendants committed two or more predicate acts as required for a viable RICO claim. Many of the arguments presented in plaintiff's response in opposition to defendants' motions contain factual allegations that are absent from plaintiff's verified complaint. However, even if plaintiff presented these facts in its original complaint or amended its complaint to include these facts, defendants would still be entitled to dismissal of the RICO claims because plaintiff cannot allege two indictable federal offenses.

The only conceivable indictable offense is the allegation concerning defendant Larry Cossin's purported insurance fraud relating to the damaged carport. Plaintiff's argument that defendants have engaged in a scheme to prevent the amendment to Woodlore's master deed does not set forth an indictable offense. Specifically, plaintiff relies on letters sent by defendant Charles Cossin to co-owners at Woodlore, wherein defendant states that the proposed amendments "will make rental/leasing of our condos impossible, will cost co-owners an additional $400.00 in annual insurance costs and cause property values to decline." At the bottom of defendant Charles Cossin's signature, it states: "These are the observations and opinions of your true friend and past board director." Thus, this letter does not support a charge of mail fraud because it is not a false representation nor does it appear that defendant Cossin drafted this letter with the intent to defraud the co-owners of money.

Similarly, defendants Charles and Larry Cossin's maintenance of a website in the name of Woodlore Condominium Association presenting itself as "A Woodlore Service Provided By Larry Cossin for All Woodlore Owners" and listing Charles Cossin as the contact person for making maintenance service requests does not equate to an indictable offense under 18 U.S.C. § 1341 or 18 U.S.C. § 1343. Plaintiff does not allege that either defendant has defrauded any co-owners through the maintenance of this website.

Further, plaintiff's reliance on the Haddad lawsuit to establish the requisite acts under RICO is unavailing. The gist of plaintiff's allegations concerning the Haddad lawsuit is that all of the defendants lied about Woodlore having a contract with Haddad to perform lawn care services. Plaintiff maintains that the defendants brought forth three different versions of the alleged contract and defendant Charles Cossin lied under oath at an arbitration hearing concerning the date the agreement was entered into. None of these allegations consist of use of the U.S. mails or interstate wire.

Lastly, plaintiff's allegations concerning defendant Zinchuck's alleged acts of racketeering activity also fail as a matter of law. Plaintiff asserts that Zinchuck used the U.S. mails and facsimile wire transmittals to provide Woodlore with financial information she knew or should have known was false. However, as the United States Court of Appeals recently confirmed, "[w]hen pleading predicate acts of mail or wire fraud, in order to satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Heinrich, 2012 U.S. App. LEXIS 2390, at *15. Plaintiff's complaint therefore fails to comply with Rule 9(b) and its response fails to apprise the court of how an

-8-

amendment to the complaint will cure this deficiency.

Because RICO requires at least two acts of racketeering activity within a period of ten years, plaintiff cannot state a claim under RICO. See 18 U.S.C. § 1961(5).

### C.  RICO Conspiracy

As set forth above, plaintiff has failed to set forth the requisite factual allegations to support a RICO claim, therefore its conspiracy claim under RICO fails as a matter of law. See Craighead v. EF Hutton & Co., 899 F. 2d 485, 495 (6th Cir. 1989); AK Steel Corp. v. USW, 2002 U.S. Dist. LEXIS 19676, *24 (S.D. Ohio 2002) ("A conspiracy claim under 18 U.S.C. § 1962(d) cannot survive a motion to dismiss if the pleadings do not state a substantive RICO claim for which relief may be granted.").

### D.  Remaining State Law Claims

Defendants also argue that plaintiff's state law claims fail as a matter of law. However, supplemental jurisdiction over state law claims should be declined when all federal claims are dismissed before trial. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Therefore, remand of the remaining state law claims is appropriate.

### IV.  Conclusion

Accordingly,

Defendants Charles Cossin's and Luz Zinchuck's Motion to Dismiss [#2] is GRANTED IN PART.  Counts I and II are dismissed.

Defendant Larry Cossin's motion for summary disposition [#6] is MOOT.

The remaining state law claims (counts III through VII) are remanded to the Wayne County Circuit Court.

SO ORDERED.

Dated: February 21, 2012

                                              S/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 21, 2012, by electronic and/or ordinary mail and to Larry Cossin at 33241 Fargo, Livonia, MI 48152.

S/Josephine Chaffee
Deputy Clerk

---